**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| GARY DOUGLAS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| NAVARINO PROPERTY MANAGEMENT LLC | : | |
| Defendant. | : | JUNE 27, 2023 |

## COMPLAINT

### JURISDICTION AND VENUE

1. This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2; and Connecticut state law.

2. The jurisdiction of this court is founded upon 28 U.S.C. §1331 (federal question) and the provisions of 28 U.S.C. §1343.

3. Venue is proper in the District of Connecticut pursuant to 28 U.S.C. §1391(b) in that the claims arose in this district and Plaintiff resides in this district.

4. Costs, expert witness fees, and attorney's fees are sought pursuant to 42 U.S.C. §1988.

### PLAINTIFF

5. The Plaintiff, Gary Douglas ("Plaintiff" or "Douglas"), is a natural person and resident of the State of Connecticut.

### DEFENDANT

6. The Defendant, Navarino Property Management LLC ("Defendant" or "Navarino"), is a Connecticut company that is registered to conduct business in the State of Connecticut,

THE MCMINN EMPLOYMENT LAW FIRM, LLC
1000 Lafayette Boulevard, Suite 1100 ▪ Bridgeport, CT 06604 ▪ T: (203) 683-6007 ▪ F: (203) 683-9881

and conducts substantial business within the State of Connecticut at 2 Enterprise Drive, Suite 406, Shelton, CT 06484, where Plaintiff was employed.

7. Defendant employs more than fifteen (15) employees.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Douglas received a Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission on March 30, 2023.

## FACTUAL ALLEGATIONS

9. Douglas, an African-American, was hired by Navarino as a Staff Accountant on or about April 1, 2022. Douglas always performed his job duties in a satisfactory manner.

**A. Douglas Was Subjected to Consistent and Severe Harassment.**

10. Unfortunately, Douglas was subjected to a hostile work environment with disparate treatment and harassment from the onset of his employment.

11. After Douglas was hired, there was no formal training at all. To his detriment, Douglas' work entailed being asked to perform tasks and the only time he would learn about Navarino's operations was when a mistake was made and he was being yelled at.

12. On October 5, 2021, Elon Zapinsky ("Zapinsky") (Caucasian), Navarino's Controller, came to Douglas's cubicle, threw pieces of mail at Douglas that struck him in his chest, and walked away.

13. Douglas complained to his supervisor, Nicole Tucci ("Tucci") (Caucasian) about it to no avail.

14. On November 3, 2021, while in his office, Zapinsky referred to Douglas and another

-2-

African-American employee, Laquasha Dixon ("Dixon"), as "slaves" – a brazen derogatory term attacking their protected classes.

15. Thereafter, Douglas complained to Tucci about the "slaves" incident, and again, no action was taken by Tucci.

16. Navarino did not have Human Resources personnel at the time.

17. Zapinsky never stopped his extremely inappropriate behaviors during Douglas's employment.

18. Throughout Douglas's time at Navarino, Zapinsky would continually use curse words in the office.

19. Later, Navarino finally hired a Human Resources Manager, Crystal Compton ("Compton") (Hispanic).

**B. Douglas Participates in Protected Activity and Is Retaliated Against.**

20. On April 21, 2022, Douglas participated in a protected activity by reporting the incidents that occurred in October and November to Human Resources.

21. Importantly, Douglas made sure to obtain assurance from Compton that if he reported these issues, there would be no retaliation against him. Compton stated to him, "Of course [there] would not be."

22. However, surprisingly, three weeks later on May 12, 2022, Douglas was abruptly terminated.

23. When Douglas asked Compton why he was terminated, she claimed that it was due to his work performance.

24. Significantly, there was no annual performance review held prior, and Douglas was not informed that his job was in jeopardy due to certain issues with his work

-3-

performance.

25. When Douglas asked Compton for specific work performance issues, she mentioned that she would need to talk to a lawyer in order to let him know.

26. Considering the unjustifiable reason given by Navarino as well as the short temporal proximity, Douglas was clearly terminated for exercising his right of participating in a protected activity.

## COUNT ONE

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### AFRICAN-AMERICAN RACE AND BLACK COLOR DISCRIMINATION

27. Plaintiff incorporates paragraphs 1-26, with the same force and impact as if fully set forth herein at length.

28. The Plaintiff is African-American.

29. The Plaintiff was qualified for the position he held.

30. The Plaintiff was subjected to disparate treatment based upon his race and color, including, but not limited to:

    (a) Being struck in the chest with pieces of mail;

    (b) Being referred to as "slaves" along with another African-American employee on November 3, 2021; and

    (c) Not having his concerns addressed after complaining to Defendant Human Resources about the hostile and discriminatory acts.

31. Plaintiff suffered adverse employment actions, including, but not limited to:

    (a) Being wrongfully terminated on May 12, 2022.

32. Defendant's actions were motivated by the Plaintiff's race and color.

33. As such, Defendant's actions and conduct are a violation of Title VII.

34. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy life's pleasures and activities.

35. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT TWO

### VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
### HOSTILE WORK ENVIRONMENT

36. Plaintiff incorporates paragraphs 1-26, with the same force and impact as if fully set forth herein at length.

37. Throughout his employment, Plaintiff was subjected to multiple discriminatory acts motivated by his race and color, including, but not limited to:

    (a) Being struck in the chest with pieces of mail;

    (b) Being referred to as "slaves" along with another African-American employee on November 3, 2021; and

    (c) Not having his concerns addressed after complaining to Defendant Human Resources.

38. Defendant's acts were severe and pervasive and created an abusive work environment.

39. As such, Defendant's actions and conduct are a violation of Title VII.

40. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages including but not limited to lost wages, fringe benefits, health insurance, emotional and psychological distress, stress, anxiety and loss of the ability to enjoy

life's pleasures and activities.

41. Plaintiff is seeking damages as a result of Defendant's unlawful conduct.

## COUNT THREE

### RETALIATION, IN VIOLATION OF THE ADAAA

42. Plaintiff incorporates paragraphs 1-26, with the same force and impact as if fully set forth herein at length.

43. Plaintiff engaged in protect activity multiple times by reporting Defendant's hostile and discriminatory acts.

44. Defendant retaliated against the Plaintiff for engaging in protected activity by subjecting Plaintiff to adverse employment actions, including, but not limited to, the following:

    a)    Being terminated on May 12, 2022.

45. Defendant's termination of the Plaintiff occurred in short temporal proximity of his last protected activity – only three weeks after Plaintiff's report.

46. The above prescribed discriminatory action was motivated by the Defendant's retaliation against the Plaintiff.

47. As a result of the Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits, health insurance, retirement and pension benefits, mental and emotional distress and the ability to enjoy life's pleasures.

48. Plaintiff seeks damages as a result of Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

Wherefore the Plaintiff prays that this court award:

1. Money damages;

2. Costs;

3. Punitive damages, attorney fees, and expert witness fees;

4. Pre-judgment interest

5. Trial by jury; and

6. Such other relief as the Court deems just, fair, and equitable.

                THE PLAINTIFF,
                GARY DOUGLAS


By: _____/s/_____
       Michael C. McMinn (*ct27169*)
       **THE MCMINN EMPLOYMENT LAW FIRM, LLC**
       1000 Lafayette Blvd., Suite 1100
       Bridgeport, CT 06604
       Tel: (203) 683-6007
       Fax: (203) 680-9881
       michael@mcminnemploymentlaw.com

       *COUNSEL FOR PLAINTIFF*